IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE COLON, | : | CIVIL ACTION NO. **1:CV-13-2436** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KELLY HEFFERON, | : | |
| | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I.    Background**.

On September 23, 2013, Plaintiff Lawrence Colon, a resident at 2012 N. Fourth Street,

Harrisburg, Dauphin County, Pennsylvania, filed, *pro se*, the instant 3-page form *Bivens*[1] civil rights

Complaint, pursuant to 28 U.S.C. §1331, raising a state law claim to get his personal property back

from Defendant Kelly Hefferon, with no address listed. (Doc. 1).   Plaintiff further seeks this Court to

issue him a Protection From Abuse ("PFA") Order directing Defendant Hefferon to stay away from him.

Plaintiff did not file a Civil Cover Sheet  with his Complaint.

Plaintiff also filed 2-page form Motion for Leave to Proceed *in forma pauperis* indicating that he

had no money and no assets.  (Doc. 2).  Further, Plaintiff filed a 2-page form Motion for Appointment

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct.
1999 (1971).  Plaintiff's instant action does not fall within 28 U.S.C. § 1331 ("The district courts
shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of
the United States." (Emphasis added).  This is case is not a *Bivens* action because Plaintiff does
not  seek monetary damages from a federal official for alleged violations of his constitutional
rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009
WL 1956282 (M.D. Pa.).

of Counsel simply stating that he had no money, that he had no counsel and, that he had some high school education. (Doc. 3).

We find that Plaintiff is asserting only a Pennsylvania state law tort claim against Defendant Hefferon, a former acquaintance of Plaintiff and a private citizen. As such, we do not find that this federal Court has jurisdiction over Plaintiff's case.

In his present Complaint against Defendant Hefferon, Plaintiff alleges that he was arrested on October 1, 2008, and that he has been trying to contact Hefferon since she has his personal property and he wants it back. Plaintiff states that he has called and wrote to Defendant Hefferon but that she has not responded or called him back. Plaintiff seeks this Court to help him get his personal property back from Defendant Hefferon, including his wallet which contains his birth certificate, Social Security care and driver's license, as well as his clothing, electronics and cosmetics. Plaintiff requests the Court to award him $15,000 in damages for his property which Defendant Hefferon has in her possession, and to issue a PFA Order directing Hefferon "to stay away from [Plaintiff]." (Doc. 1, pp. 2-3).

Since Plaintiff Colon is a *pro se* litigant, we must construe his Complaint liberally. *See Higgs v. United States Attorney General*, 655 F.3d 333, 339 (3d cir. 2011). As stated, we find that Plaintiff's Complaint only raises a state law claims against Defendant Hefferon, a private citizen. We do not find that Plaintiff has stated a 42 U.S.C. §1983 claim or a claim under *Bivens* against Defendant Hefferon. Also, it is clear that Defendant Hefferon is not a state or federal official. Nor does Plaintiff aver that any of his constitutional rights were violated.

Plaintiff's Complaint has not yet been served on Defendant. We are obliged to screen Plaintiff's Complaint.

## II.    **Standards of Review**.

### 1.  *Screening pro se in forma pauperis Complaints*

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (Doc. 2).  Because Plaintiff has filed a Motion to Proceed *in forma pauperis,* we are

obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he does not complain

about prison conditions.  As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *6 (W.D. Pa.),

"Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that

are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who

is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)." In *Palencar v. Cobler Realty Advisors*, Civil No.

09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006).  Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal  - -
>>> (i)      is frivolous or malicious;
>>> (ii)     fails to state a claim on which relief may be granted; or
>>> (iii)    seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).  This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327,

3

109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); §1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Sobina*, 2008 WL 144199, at *3; *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### 2. *Motion to Dismiss Standard*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not

precedential).

**III.    Discussion**.

Initially, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002)(citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F. 3d 250, 255 (3d Cir. 2002)); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2004)("Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'").

Furthermore, as noted, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. However, "federal courts have federal question jurisdiction only when a federal claim appears in the complaint." *Turner v. Spaley*, WL 4842256, (3d. Cir 2012)(citing *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005)); *see also Gonzalez v. Thaler*, U.S., 132 S.Ct. 641, 648 181 L.Ed.2d 619 (2012)("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation[.]") Additionally, "a district court has a continuing obligation to satisfy itself of its jurisdiction and authority to hear and determine every matter." *Id.*

As stated above, Plaintiff filed his form Complaint (Doc. 1) raising only state law tort claims for the return of his personal property and, he incorrectly indicated that this federal Court has jurisdiction over case under §1331. As mentioned, Plaintiff does not indicate that Defendant Hefferon is a state or federal official, and he does not allege that any of his constitutional rights were violated. Thus, Plaintiff's Complaint is not a civil rights action under either  28 U.S.C. § 1331 or 42 U.S.C. § 1983.

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3
> (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294
> (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d
> 868 (2009) (collecting cases).

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law

or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1959(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims ... in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Plaintiff Colon's Complaint clearly does not meet the requirements of the Federal Rules of Civil Procedure as detailed above. Regardless, we consider Plaintiff's *pro se* Complaint and his claims.

To the extent Plaintiff is deemed as alleging that Defendant Hefferon is violating his Fifth Amendment due process rights by retaining his personal property and refusing to give it back to him, he has no Fifth Amendment claim since there is no alleged involvement by a federal actor. *See Leventry v. Watts,* 2007 WL 1469038, *2 (W.D. Pa. 5-17-07); *Hammond v. City of Wilkes-Barre*, 2012 WL 3542277, *4 (M.D. Pa. Aug. 14, 1012)(due process claim under Fifth Amendment only applies to federal actors)(citing *Caldwell v. Beard*, 324 F.Appx 186, 189 (3d Cir. 2009)). Thus, any Fifth Amendment due process claim raised by Plaintiff should be dismissed with prejudice. We find futility in allowing Plaintiff leave to amend his Fifth Amendment claim since there is no federal actor Defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints

should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

We also find that Plaintiff has failed to state any constitutional claim under §1983 since Defendant Hefferon is not a state actor. Plaintiff claims that his personal property is being unlawfully held by Defendant Hefferon and that Defendant will not return it to him despite his requests. Thus, liberally construed, Plaintiff may be deemed as alleging a Fourteenth Amendment due process claim against Defendant Hefferon under §1983.

We find that Defendant Hefferon, a private person, should be dismissed since she is not a state actor liable to suit in a §1983 action. *See Stankwoski, supra*. Rather, it appears that Plaintiff is alleging Defendant Hefferon, a private person, retained possession of all of his personal property after he requested it back. Therefore, Defendant Hefferon is not a proper Defendant under §1983. Additionally, Plaintiff does not allege that any of his constitutional rights were violated as the result of conduct by a state actor or a state official. Further, Plaintiff's Complaint does not allege that Defendant Hefferon was acting under color of state law. *See Cassell v. City of Philadelpha*, 350 Fed.Appx. 611, 613 (3d Cir. 2009)("Private actors, ... , can be said to act under color of state law only if their conduct is fairly attributable to the state.")(citation omitted).

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *6 (M.D. Pa.), the Court stated:

> Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under color of state law." *Id.* (quoting *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995))

*See Pitchfork v. Bor. of Munhall*, 631 F.Supp.2d 636, 651-52 (W.D. Pa. 2007); *Holmes v. Dreyer*, 2010 WL 3791360, *2 (E.D. Pa. 9-28-10); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010)(Per Curiam).

In *Brookhart*, the Third Circuit stated:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Here, the majority of the defendants are private citizens and not state actors. Liability would attach if a private party conspired with a state actor, *Dennis v. Sparks,* 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185, ... .

385 Fed. Appx. at 69.

The *Brookhart* Court also stated:

> Section 1985(3) of title 42 requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Brookhart did not allege that he was a member of a protected class, and his conclusory allegations of a deprivation of his constitutional rights are insufficient to state a section 1985(3) claim.

385 Fed. Appx. at 70.

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C. § 1985(3) are set forth in a line of Supreme Court cases beginning with the decision in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There, the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798. The Court strictly construed the requirement of class-based invidious animus in *United Brotherhood of Carpenters and Joiners of*

> *America, 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding that commercial and economic animus could not form the basis for a section 1985(3) claim. *Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997). Consistent with these decisions, a plaintiff must allege the following elements in order to state a claim pursuant to 42 U.S.C. § 1985(3):(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Id.*

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3). Instead, the complaint must allege that Defendants have engaged in invidious discrimination against the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*, 2009 WL 3103781, *6 citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-9-07); *Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4 (E.D. Pa. 5-1-09)("Animus against an individual is not sufficient; animus must be class-based.")(citations omitted).

Plaintiff Colon does not raise a claim under §1985 against Defendant Hefferon. Plaintiff does not indicate that he falls within a class entitled to sue under §1985(3). Also, we find that Plaintiff does not allege Defendant Hefferon conspired any state official to deprive him of his personal property and, that Plaintiff does not assert a conspiracy claim against Defendant Hefferon under §1985(3). Nor does Plaintiff state that any conspiracy existed between Defendant Hefferon and any state official with the purpose of violating his constitutional rights. Further, Plaintiff does not allege any conspiracy which "was motivated by discriminatory animus against an identifiable class and that the discrimination against

the identifiable class was invidious." *Farber v. City of Patterson*, 440 F. 3d 131, 135 (3d Cir. 2006).

Thus, we will recommend that Plaintiff's Complaint against Defendant Hefferon, insofar as it is under §1983, be dismissed without prejudice to file it in state court. Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to any §1983 claim against Defendant Hefferon in federal court since it would be futile. We find that Plaintiff's remedy is to file a Complaint in the Dauphin County Court under state law to recover his property allegedly being kept by Defendant Hefferon.

Additionally, even if Defendant Hefferon is a state actor, and we find that it is not alleged she is, Plaintiff has failed to state a Fourteenth Amendment procedural due process claim since he clearly has adequate post deprivation remedies available to him in Dauphin County Court as well as the state appellate courts to obtain the return of his property. *See Hammond v. City of Wilkes-Barre*, 2012 WL 3542277, *3 (M.D. Pa. Aug. 14, 1012)(citations omitted).

Thus, we do not find that Plaintiff has stated any federal claim against Defendant Hefferon, including under §1331 and §1983. Moreover, we find that this federal Court lacks subject matter jurisdiction over Plaintiff 's case and his state law tort claims against Defendant Hefferon.

Additionally, as relief, Plaintiff requests this Court to issue a PFA Order and to "fin[e] Defendant Hefferon for cause." (Doc. 1, p. 3). Plaintiff appears to implicate that Defendant Hefferon is breaking federal and/or state criminal laws. Insofar as Plaintiff is seeking this Court to criminally charge and punish Defendant for her alleged illegal behavior, *i.e.*, theft, such a request should be dismissed with prejudice. To the extent that Plaintiff is alleging in his Complaint that Defendant Hefferon's conduct violated criminal law and he is deemed as seeking, in part, the initiation of criminal prosecution against

Defendant, this Court cannot grant as relief in the present civil case the initiation of any criminal prosecution. The Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is alleging that Defendant Hefferon violated federal and/or state criminal laws and he seeking this Court to criminally charge and punish Defendant for her alleged illegal behavior, this claim is subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on well-settled law, we find futility and undue prejudice to Defendant in granting Plaintiff leave to amend any claim seeking this Court to criminally charge and punish Defendant.

Based on our above discussion, we will recommend that the Court transfer Plaintiff's Complaint rasing only state law claims against a private citizen, to the Court of Common Pleas of Dauphin County, PA, where Plaintiff resides. *See Cassell v. City of Philadelpha*, 350 Fed.Appx. 611, 613-14 (3d Cir. 2009); *McCarty v. Frymoyer*, Civil No. 13-0700, M.D. Pa. In light of the above, we find that the Court should not allow Plaintiff leave to amend his Complaint in this federal Court with respect to any claim against Defendant Hefferon since it would be futile as this Court lacks federal-question

jurisdiction under §1331.[2] *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002);

*See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

## IV.     Recommendation.

Based on the foregoing, it is respectfully recommend that the Court transfer Plaintiff's Complaint

**(Doc. 1)** against Defendant Hefferon  to the Court of Common Pleas of Dauphin County, PA.   It is also

recommended that the Court allow the County Court to rule on Plaintiff's  Motion for Leave to Proceed

*in forma pauperis* **(Doc.  2)** and on Plaintiff's Motion for Appointment of Counsel **(Doc. 3)**.



_____

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**




**Dated: September 26 , 2013**



_____

        [2]We note that Plaintiff, a Pennsylvania resident, has not established complete diversity of citizenship as required under 28 U.S.C. §1332. *See Cassell v. City of Philadelpha*, 350 Fed.Appx. at  613-14.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE COLON, | : | CIVIL ACTION NO. **1:CV-13-2436** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| KELLY HEFFERON, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 26, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

   Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basi
of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.




                                        **s/ Thomas M. Blewitt**  
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**




**Dated: September 26, 2013**